IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| **SHARON EDWARDS** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CA # |
| | ) |
| **HARTFORD FINANCIAL SERVICES GROUP, INC.** | ) |
| | ) |
| **Defendant.** | ) |

# COMPLAINT FOR
# DISABILITY BENEFITS UNDER ERISA

## JURISDICTION AND VENUE

1. Plaintiff's claims against Defendant are filed pursuant to the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et. seq.* (herein "ERISA").

2. Plaintiff seeks an Order that clarifies a plan beneficiary's rights to past and future benefits under the terms of an employee welfare plan. Specifically, the Plaintiff seeks: (a) a declaration and enforcement of rights under the long-term disability insurance policies at issue and/or the employee benefit plan (which is an "employee welfare benefit plan" as defined by ERISA), (b) an instatement of benefits, (c) the payment of all back benefits due with pre-judgment and post-judgment interest, (d) the enforcement of rights under the long-term disability insurance policy and/or the employee benefits plan, and (e) the clarification of rights to future benefits under the long-term disability insurance policy and/or the employee benefits plan pursuant to 29 U.S.C. § 1132(a)(1)(B) and (a)(3), and f) an award of attorney's fees and costs.

3. Venue and jurisdiction are proper pursuant to 29 U.S.C. § 1132(f).

## PARTIES

4. Plaintiff is a former employee of Bank of America ("Employer"). While employed there, and while covered by the Group Long Term Disability Plan for employees of The Employer, Plaintiff became disabled as that term is defined by The Plan.

5. The Bank of America Long Term Disability Plan ("The Plan") is an employee welfare benefit plan established under ERISA.

6. The Plan is a fully insured long-term disability policy issued by the Defendant and the Defendant is fully responsible for any benefit determinations under the Plan, as well as for payment of any and all sums due under the policy.

## THE EMPLOYEE WELFARE BENEFIT PLAN

7. At all times relevant Plaintiff was employed by the Employer and was a plan participant in the Plan established by The Employer under ERISA.

8. The Plan Administrator has delegated disability claims administration to the Defendant.

9. The Employer and Defendant are fiduciaries pursuant to 29 U.S.C. § 1133(2) and 29 C.F.R. § 2560.503-1(g) (1999) and/or "deemed fiduciaries" pursuant to 29 U.S.C. § 1002(21)(A) and 29 C.F.R. § 2560.503-1(g)(2) (1999).

10. The Defendant is responsible for conducting any ERISA mandated claim evaluation and final review rests with Defendant and with no other entity.

11. The Defendant, upon information and belief, has made all decisions regarding Plaintiff's claim for disability benefits in this case.

## HISTORY OF THE CLAIM

12. Plaintiff worked for the Employer until she became disabled.

13. At all times relevant the Plaintiff has met the Plan's definition of disability.

14. The Plan provides for lost income benefits.

15. Plaintiff timely gave notice of disability and applied for disability benefits under the Plan.

16. Defendant approved Plaintiff's claim for disability benefits effective January 22, 2009 and she received her benefits effective July 23, 2009 after the policy's elimination period.

17. At the time Plaintiff became disabled, she was unable to work due to her cervical and lumbar stenosis, as well as other contributing conditions, such as her rheumatoid arthritis and fibromyalgia.

18. The Social Security Administration (SSA) found Plaintiff disabled and approved her Social Security Disability Income (SSDI) benefits effective July 1, 2010, which she continues to receive today.

19. As her conditions have continued to progress, Plaintiff has worsened with time, and her conditions now include (in addition to the conditions listed *supra*) cauda equina syndrome.

20. Plaintiff's severe pain from her spinal degeneration and other conditions prevent her from sitting or standing for extended periods of time.

21. Plaintiff is incapable of working any sedentary job, or any occupation.

22. On January 19, 2011, the Defendant issued an "Adverse Benefit Determination" on Plaintiff's claim, terminating her benefits.

23. Plaintiff, acting pro se, successfully appealed Defendant's January 2011 termination and the Defendant reinstated her benefits, determining again that she met the policy's definition of "disabled."

24. On February 1, 2012, the Defendant issued another adverse benefit determination on Plaintiff's claim, terminating her benefits.

25. Plaintiff, acting pro se, successfully appealed Defendant's February 2012 termination and the Defendant reinstated her benefits, once again determining that she met the policy's definition of "disabled."

26. On November 12, 2019, the Defendant once again issued an adverse benefit determination on Plaintiff's claim for benefits, terminating her benefits.

27. The November 12, 2019 adverse benefit termination letter said that Plaintiff could work in the same occupation she had been previously deemed disabled from since 2009.

28. To support its 2019 termination, Defendant did not conduct an Independent Medical Examination (IME) of the Plaintiff.

29. To support its 2019 termination, Defendant did not conduct a Functional Capacity Evaluation (FCE) of the Plaintiff.

30. To support its 2019 termination, Defendant did not conduct an in-person interview with the Plaintiff.

31. To support its 2019 termination, Defendant did not conduct surveillance of the Plaintiff.

32. Plaintiff filed a pro se appeal of the adverse benefit determination.

33. To support her appeal, Plaintiff sent several letters to Defendant, enclosing medical records, test results and medical articles on her conditions, to show that she remained disabled as defined by the Plan as she had been since 2009.

34. The Defendant affirmed its denial by way of a final denial letter it sent to Plaintiff on September 1, 2020.

35. In its review of Plaintiff's appeal, Defendant did not conduct an IME, FCE, in-person interview with the Plaintiff, or conduct any surveillance of Plaintiff.

36. To support its denial of Plaintiff's appeal, Defendant relied on the peer review reports of two physicians, a psychologist and a physical medicine and rehabilitation doctor.

37. Neither physician has ever examined Plaintiff in person.

38. Those peer reviews disagreed with Plaintiff's treating providers.

39. Plaintiff's conditions have not improved since she initially became disabled in 2009.

40. In fact, Plaintiff's conditions have worsened since she initially became disabled.

41. The Plaintiff has exhausted pre-litigation remedies and that process ended by way of the letter Defendant sent on September 1, 2020.

42. The Defendant has violated the plain language of the Plan; 29 U.S.C. § 1133 (Claims procedure); and 29 U.S.C. § 1104 (fiduciary duties).

43. The Plaintiff is entitled to long-term disability benefits under the Plan, including past-due benefits; future benefits; pre-judgment interest; post-judgment interest and attorney's fees pursuant to ERISA.

44. The Plaintiff is entitled to these benefits as she satisfies the definition of disability in the policy issued by the Defendant, she has satisfied all conditions precedent to be eligible to receive the benefits and she has not waived or otherwise relinquished her entitlement to the benefits.

## RELIEF SOUGHT

The Plaintiff requests that this Court enter an Order declaring the following:

1. No deference be granted to the decision of the Defendants to deny benefits.

2. That the Plaintiff is entitled to long-term disability benefits under the policy.

3. That the Plaintiff is entitled to payment of past-due long-term disability benefits and reinstatement of monthly benefits under The Plan.

4. That the Plaintiff is entitled to payment of pre- and post-judgment interest.

5. That the Plaintiff is entitled to payment of attorney's fees and costs.

Respectfully submitted,

*Sharon Edwards*
By Counsel

_____/s/_____

Benjamin W. Glass, III | VSB #23152
Benjamin W. Glass, III & Assoc., PC
3998 Fair Ridge Drive, #250
Fairfax, VA 22033
703-591-9829 phone
703-783-0686 fax
Ben@BenGlassLaw.com
*Counsel for Plaintiff*